IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ASIA M. JACKSON, an individual, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) Case No. _____ |
| NPC INTERNATIONAL, INC., | ) |
| a Kansas Corporation, | ) |
| | ) |
|     Defendant. | ) |
| | ) |
| | ) |

## NOTICE OF REMOVAL

Defendant NPC International, Inc. ("NPC" or "Defendant") hereby removes this action to the United States District Court for the Western District of Tennessee, Western Division, pursuant to 28 U.S.C. § 1332 and § 1441, and in support thereof, states as follows:

1.    On June 14, 2013, Defendant was served with copies of the Summons and the Complaint entitled *Asia M. Jackson v. NPC International, Inc.,* Case No. CT-002094-138, pending in the Circuit Court of the State of Tennessee, Shelby County. The Complaint was the initial pleading served upon Defendant setting forth the claims upon which such action is based. True and correct copies of the Summons and Complaint are attached hereto as Exhibit A and constitute all pleadings, process, and other documents served upon Defendant in this action.

2.    In the Complaint, Plaintiff alleges violations of the Tennessee Human Rights Act ("THRA"), specifically the Tennessee Maternity Leave Act, and common law claims of invasion

of privacy, intentional misrepresentation and negligent misrepresentation. (Compl. at ¶¶ 13 – 31.)

3. This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

4. According to her Complaint, Plaintiff seeks to recover various forms of relief, including compensatory and actual damages, attorneys' fees, incidental expenses, post-judgment interest at the maximum legal rate per annum, punitive damages and exemplary damages. Plaintiff also seeks to recover "such other general or specific relief to which the Plaintiff may justly be entitled at law or in equity." (Compl. p. 8, ¶ 8.)

5. The Complaint does not specify a dollar amount for the various categories of damages Plaintiff seeks to recover. The Sixth Circuit has held, however, that this does not defeat removal based upon the amount in controversy requirement because of Rule 54.03 of the Tennessee Rules of Civil Procedure. *See Rogers v. Wal-Mart Stores*, 230 F.3d 868, 871 (6th Cir. 2000). Rule 54.03 provides that "[e]xcept as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."

6. Because of Rule 54.03 of the Tennessee Rules of Civil Procedure, a Plaintiff can obtain whatever relief a jury deems she is entitled to recover, regardless of the amount that is pled in the Complaint. Due to this rule, courts allow removal "where the defendant establishes a 'substantial likelihood' or 'reasonable probability' that the plaintiff intends to seek damages in excess of the federal amount-in-controversy requirement." *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993).

7. The plain language of Plaintiff's Complaint demonstrates that there is a "substantial likelihood" or "reasonable probability" that Plaintiff intends to seek damages in excess of the amount in controversy requirement. Under the THRA, back pay and compensatory damages are separate categories of recovery. *See Roberts v. A&S Bldg. Systems, L.P.*, 2007 WL 4365761-3 (E.D. Tenn. 2007) ("An award of back pay or front pay under the THRA is an equitable remedy…. It is elementary that compensatory damages, traditionally a remedy at law, are separate and distinct from equitable relief"). In addition, Plaintiff seeks, and the THRA provides for, reasonable attorneys' fees as recoverable damages. Plaintiff may well claim that her attorneys' fees alone exceed $75,000 in this matter and should be factored into the Court's analysis of the amount in controversy. Where attorneys' fees are allowable by statute, they may be included in calculating the amount in controversy. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933) (statutory right to attorneys' fees should be considered as part of the amount in controversy for removal).

8. Precedent indicates that the nature of claims for violations of the THRA alone seeking compensatory and actual damages, attorneys' fees and costs make it more likely than not that the amount in controversy exceeds $75,000. *Barnes v. Goodyear*, 48 S.W. 3d 698 (Tenn. 2000) (jury awarded $300,000 for discrimination claim under the THRA); *see also Hall v. City of Clarksville*, 276 Fed. App'x 457 (6th Cir. 2008) (upholding jury verdict of $150,000 in compensatory damages for harassment and retaliation claims under THRA and Title VII); *Regnier v. Metropolitan Gov't of Nashville*, 2006 WL 1328937 (Tenn. Ct. App. 2006) (trial court jury awarded plaintiff $150,000 in damages plus $110,180.70 in costs and attorneys' fees for THRA retaliation claim); *Arnold v. City of Dayton, Tennessee*, 1995 WL 902209 (E.D. Tenn. 1995) ($150,000 verdict for retaliation claim in THRA/Title VII case); *Steele v. Superior Home*

*Healthcare*, 1998 WL 783348 (Tenn. Ct. App. 1998) (trial court jury awarded $1.2 million in compensatory damages and $60,000 in punitive damages – later remitted to $850,000 – for THRA and intentional infliction of emotional distress claims).

9. Additionally, Plaintiff seeks "punitive and exemplary damages," "any general or specific relief" and other damages relating to her common law claims of invasion of privacy, intentional misrepresentation and negligent misrepresentation. There is also a "substantial likelihood" or "reasonable probability" that Plaintiff seeks in excess of $75,000 with respect to these damages.

10. As the foregoing clearly shows, the value of Plaintiff's claims in this matter more likely than not will exceed $ 75,000, exclusive of interest and costs. As a result, for purposes of 28 U.S.C § 1332, the amount in controversy exceeds the jurisdictional threshold amount.

11. The Parties also have complete diversity of citizenship. Plaintiff is a citizen and resident of Tennessee. (Compl. at ¶ 1.) NPC is a Kansas corporation whose principal place of business is in Kansas. (Compl. at ¶ 2.) Accordingly, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and Defendant can remove Plaintiff's Complaint to this Court pursuant to 28 U.S.C. § 1441.

12. The Summons and Complaint were served on NPC on June 14, 2013. (*See* Exhibit A.) On July 12, 2013, Defendant filed this Notice of Removal. Therefore, this Notice of Removal was timely filed pursuant to 28 U.S.C. §1446(b) having been filed within thirty (30) days after service of Exhibit A.

13. Venue is proper in this Court.

14. Pursuant to 28 U.S.C. §1446(d), Defendant is giving written notice of the removal of this action to all parties and is filing a copy of this Notice with the Circuit Court of the State of Tennessee, Shelby County. (Attached hereto as Exhibit B.)

WHEREFORE, Defendant removes this action to this Court.

Respectfully submitted,

/s/ Russell W. Jackson
Thomas L. Henderson (TN BPR No. 11526)
Russell W. Jackson (TN BPR No. 27322)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
6410 Poplar Avenue, Suite 300
Memphis, TN 38119
Telephone:  (901) 767-6160
Facsimile:  (901) 767-7411
thomas.henderson@ogletreedeakins.com
russell.jackson@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this 12th day of July, 2013, caused the foregoing to be filed using the Court's CM/ECF system.  In addition, I have caused the foregoing to be served, via U.S. Mail, on the following attorney of record:

        Gordon E. Jackson
        JACKSON SHIELDS YEISER & HOLT
        262 German Oak Drive
        Cordova, TN 38018

        /s/ Russell W. Jackson